## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRUSTEES OF THE NATIONAL ELEVATOR  :
INDUSTRY PENSION, HEALTH BENEFIT,  :
EDUCATIONAL, ELEVATOR INDUSTRY  :
WORK PRESERVATION FUNDS, ELEVATOR  :
CONSTRUCTORS ANNUITY AND  :
401(K) RETIREMENT PLAN  :
19 Campus Boulevard, Suite 200  :
Newtown Square, PA 19073-3228,  :
                Plaintiffs,  :
       v.  :      CIVIL ACTION NO.
MEI ELEVATOR, INC.  :
1624 White Plains Rd.  :
Bronx, NY 10462,  :
           Defendant.  :

## COMPLAINT

### Jurisdiction

1.    This Court has jurisdiction of this action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 (as amended) ("ERISA"), 29 U.S.C. §§1132 and 1145, and under Section 301(a) of the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §185(a).  This is an action to enforce an employer's contractual obligation to submit benefit payments pursuant to a Collective Bargaining Agreement and to collect the contributions and interest found due in an audit.

### Parties

2.    The Plaintiffs are the Boards of Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation, Elevator Constructors Annuity and 401(k) Retirement Plan Funds ("NEI Trust Funds").  The NEI Trust Funds are multi-employer employee benefit plans as that term is defined in Sections 3(3) and 3(37) of ERISA, 29 U.S.C. §1002(3) and (37).  The NEI Trust Funds are established and

maintained according to the provisions of Agreements and Declarations of Trust and are provided for in the Collective Bargaining Agreement between the International Union of Elevator Constructors and the Defendant. The NEI Trust Funds are administered by the Trustees of the National Elevator Industry Pension, Health Benefit, Educational, Elevator Industry Work Preservation, Elevator Constructors Annuity and 401(k) Retirement Plan Funds, 19 Campus Boulevard, Suite 200, Newtown Square, Pennsylvania 19073-3228.

3.      Upon information and belief, at all times relevant herein, Defendant, MEI Elevator, Inc. ("MEI Elevator, Inc."), is a corporation existing under the laws of New York with offices located at 1624 White Plains Rd., Bronx, NY 10462. Upon information and belief, Defendant transacts business in New York as a contractor or subcontractor in the elevator industry and at all relevant times herein was an "employer in an industry affecting commerce" as defined in 29 U.S.C. §§142(1), (3) and 152(2).

### COUNT I

4.      MEI Elevator, Inc. entered into a Collective Bargaining Agreement with the International Union of Elevator Constructors on March 12, 2009 establishing the terms and conditions of employment for the elevator constructors, mechanics and helpers employed by MEI Elevator, Inc..

5.      Pursuant to its Collective Bargaining Agreement, MEI Elevator, Inc. agreed to pay to the NEI Funds certain sums of money for each hour worked by all employees of Defendant covered by the Collective Bargaining Agreement.

6.      Upon information and belief, MEI Elevator, Inc. employed certain employees

covered by the Collective Bargaining Agreement during the months of March 2009 through June 2012.

7.      The I.U.E.C. Local 1 Agreement provides: "The Employer agrees to adopt and be bound by all of the terms of the collective bargaining agreement between the Union and ThyssenKrupp Elevator Corporation which agreement is to become effective March 17, 2009." *Plaintiffs' Exhibit 1, I.U.E.C. Local 1 Collective Bargaining Agreement.*   A copy of the ThyssenKrupp Agreement is attached as Plaintiffs' Exhibit 2.  Article XVII of the ThyssenKrupp Agreement provides in paragraph 1: "The Health Benefit Plan covering life insurance, sickness and accident benefits, and hospitalization insurance, or any changes thereto that are in accordance with the National Elevator Industry Health Benefit Plan and Declaration of Trust, shall be part of this Agreement and adopted by all parties signatory hereto."  *Plaintiffs' Exhibit 2, ThyssenKrupp Agreement, pg. 42..*  Paragraph 2 of the ThyssenKrupp Agreement provides:

> The Health Benefit Plan shall be financed by mutual contribution, of Employers and Elevator Constructor Mechanics, Helpers and Apprentices as provided herein. The Employer agrees to continue to pay and contribute eight dollars and twenty seven and one half cents ($8.275) for each hour of work performed by all Elevator Constructor Mechanics, Helpers and Apprentices in its employ. The eight dollars and twenty seven and one half cents ($8.275) hourly contribution rate shall increase upon every anniversary of the wage rate change of each Local Union, in accordance with the following (except as modified pursuant to Article V, Paragraph 3):

| Effective Date | Amount of Increase | Hourly Contribution Rate |
|---|---|---|
| January 1, 2008 | $0.50 | $8.775 |
| January 1, 2009 | $0.75 | $9.525 |
| January 1, 2010 | $0.50 | $10.025 |
| January 1, 2011 | $0.50 | $10.525 |
| January 1, 2012 | $0.50 | $11.025 |

Each Elevator Constructor Mechanic, Helper and Apprentice shall continue to contribute three and one - half cents ($.035) per hour. Payments of said contributions by the Employer and Elevator Constructor Mechanics, Helpers and Apprentices shall be in accordance with the National Elevator Industry Health Benefit Plan and Declaration of Trust.

*Plaintiffs' Exhibit 2, Article XVII ThyssenKrupp Agreement, pg. 42.*   Thus, the National Elevator Industry Health Benefit Plan Declaration of Trust is incorporated into the ThyssenKrupp Agreement, and all of the terms of the ThyssenKrupp Agreement are incorporated into the MEI Elevator I.U.E.C. Local 1 Agreement.  The ThyssenKrupp Agreement specifically provides that the Health Plan is to be financed by mutual contributions of employees and elevator constructor mechanics. When an employer fails to pay its required contributions, the other signatory employers and the Plan itself have to satisfy the shortfall of the Plan.

Article XVIII of the ThyssenKrupp Agreement provides in paragraph 1:

The National Elevator Industry, Inc., and the International Union of Elevator Constructors shall continue the Pension Trust Fund known as the "National Elevator Industry Pension Plan," which is administered by a board of eight (8) Trustees, four (4) appointed by the National Elevator Industry, Inc., and four (4) appointed by the International Union of Elevator Constructors. The Board of Trustees have adopted a Declaration of Trust and Plan of Pension Benefits which shall be a part of this Agreement and binding on all parties signatory to this Agreement.

*Plaintiffs' Exhibit 2, Article XVIII ThyssenKrupp Agreement, pg. 44.*   Paragraph 2 of the ThyssenKrupp Agreement provides further:

The Plan of Pension Benefits shall be financed by contributions as provided herein. The Company agrees to continue to pay and contribute four dollars and forty six cents ($4.46) cents for each hour of work performed by all Elevator Constructor Mechanics, Helpers and Apprentices in its employ.

The four dollars and forty six cents ($4.46) hourly contribution shall increase upon every anniversary of the wage rate change of each Local Union, in

accordance with the following (except as modified pursuant to Article V, Paragraph 3):

| Effective Date | Amount of Increase | Hourly Contribution Rate |
|---|---|---|
| January 1, 2008 | $0.50 | $4.96 |
| January 1, 2009 | $0.50 | $5.46 |
| January 1, 2010 | $0.50 | $5.96 |
| January 1, 2011 | $0.50 | $6.46 |
| January 1, 2012 | $0.50 | $6.96 |

Payments of said contributions by the Company shall be in accordance with the terms of the Declaration of Trust adopted by the Board of Trustees. However, in no event shall contributions by the Company exceed the lowest contribution paid by any employer contributor to the Pension Plan for the type of work covered by this Agreement performed in the same geographical jurisdiction of a given local.

*Plaintiffs' Exhibit 2, ThyssenKrupp Agreement, pg. 44.* Thus, the National Elevator Industry Pension Plan Declaration of Trust is incorporated into the ThyssenKrupp Agreement, which are incorporated into the MEI Elevator I.U.E.C. Local 1 Agreement.

Articles XIX and XX of the ThyssenKrupp Agreement provide similar language regarding the Educational Fund and the Elevator Industry Work Preservation Fund. *Plaintiffs' Exhibit 2, ThyssenKrupp Agreement, pgs. 47-49.* Specifically, Article XIX, paragraph 3, regarding the Educational Fund, provides: "The Board of Trustees of the Education Trust Fund shall have full authority and discretion to adopt Agreements and Declarations of Trust and educational and training programs which shall become a part of this Agreement and binding on all parties to the Agreement." Paragraph 4 of this Article provides: "The National Elevator Industry Education Program shall be financed by contributions by Employers as provided." Article XX, Elevator Industry Work Preservation Fund, provides: "The Elevator Industry Work Preservation Fund shall be funded by a contribution of eighteen cents ($0.18) per hour and continued each year

thereafter for each hour of work performed by each employee covered by this Agreement to the Elevator Industry Work Preservation Fund (except as modified by Article V, Par. 3)." Article XX continues in paragraph 2: "The Fund shall be governed by a written Trust Agreement and administered by a Board of Trustees, in accordance with, and so provided in, the governing documents of the Fund and subsequent amendments thereto."

8.      MEI Elevator, Inc., for all relevant periods, was bound to the Restated Agreements and Declarations of Trust establishing the NEI Trust Funds (hereafter "Trust Agreements") and the Guidelines for Employers and IUEC Local Unions Participating in the National Elevator Industry Health Benefit Plan, Pension Plan, Educational Program, Elevator Constructors Annuity and 401(k) Retirement Plan and Elevator Industry Work Preservation Fund (hereafter "Guidelines"). The Trust documents provide that all employers who become party to the Collective Bargaining Agreement and Declaration of Trust agree to be bound by the decisions of the Trustees on delinquencies.

9.      The Agreements and Declarations of Trust establishing the NEI Trust Funds provide that when an Employer fails to pay the amounts required by the Collective Bargaining Agreement on time:

> The Trustees may take all actions necessary to collect any amounts due the Trust Fund. If the Trustees filed suit to collect any amounts due the Trust Fund, the Trustees shall also seek liquidated damages in the amount of twenty percent (20%) of the contributions due at the time the lawsuit is filed. In addition to the liquidated damages authorized under the Employee Retirement Income Security Act (ERISA), the Trustees shall also seek all interest, costs and attorney's fees associated with collection of the delinquent contributions. The Employer agrees that the Trustees may seek any additional contributions, interest, liquidated damages, costs and attorney's fees that come due the Trust Fund between the date the

lawsuit is filed, and the date the Judgment is entered by the Court.

10.     The NEI Funds Trust Documents provide that any participating employer may be audited.   Article VI, Paragraph 8 of the Restated Agreement and Declaration of Trust of the National Elevator Industry Pension Fund provides as follows:

> Par. 8. <u>Audit</u>.  The Trustees may, by their designated, independent Certified Public Accountant, audit the payroll records (including payroll tax returns and all supporting records) of any Employer at the Employer's place of business.  The audit shall be conducted at any reasonable time during the business hours of the Employer.  In the event that the audit discloses that the Employer has underpaid his contributions due in an amount that is equal to or exceeds five (5%) percent of the contributions due during the audit period, then all costs associated with the audit shall be assessed against the Employer.  If there is less than a five (5%) percent discrepancy, then the Fund shall pay the cost of the audit. Notwithstanding the foregoing, in any case where the Trustees have claimed in a lawsuit any amount due as disclosed by the audit, then the Employer shall be liable for all costs associated with the audit.  This right to audit shall include the right to examine all such other books and records of the Employer as the Trustees' independent Certified Public Accountant shall deem necessary.

11.     The Trustees' auditor, Daniel A. Winters & Co., audited MEI Elevator, Inc. for the period of February 1, 2010 to June 30, 2012.  The audit found that MEI Elevator, Inc. owed $16,589.81 in contributions and interest.  Additional interest has and will continue to accrue on this outstanding audit amount.  MEI Elevator also owes the audit fees associated with the audit.  This amount remains outstanding.

12.     The Agreements and Declarations of Trust establishing the NEI Funds provide that an Employer who fails to pay the amounts required by the Collective Bargaining Agreement on time shall be obligated to pay interest at the rate currently charged by the Internal Revenue Service from five days after the date of delinquency to the date of payment and liquidated damages of 20%,

as well as all necessary costs of collection incurred by the Funds, including, but not limited, to reasonable attorney's fees, audit fees and court costs.   MEI Elevator, Inc. is bound to the Agreements and Declarations of Trust.

13.    Pursuant to this provision, MEI Elevator, Inc. is obligated to the NEI Trust Funds in the amount of $3,154.79 in liquidated damages assessed on the delinquent audit contributions for the period of February 1, 2010 to June 30, 2012, interest pursuant to 29 U.S.C. Section 1132(g) from the date of delinquency through the date of payment, and attorney's fees and costs.

WHEREFORE, in Count I, the NEI Trust Funds pray judgment as follows:

A.    For $16,589.81 for contributions and interest found due in an audit for the period of February 1, 2010 to June 30, 2012; and

B.    For the audit fees of $12,133.00 associated with the audit; and

C.    For liquidated damages in the amount of $3,154.79; and

D.    For attorney's fees and costs expended in bringing this lawsuit; and

E.    For all interest which continues to accrue on the unpaid audit balance; and

F.    For all subsequent interest due on all late filed contributions submitted by the Defendant to the Plaintiffs; and

G.    For all contributions and liquidated damages which become due or owing subsequent to the filing of this action, or which have yet to be reported, or which have yet to be determined due, through the date of judgment, plus costs, interest and reasonable attorney's fees, pursuant to 29 U.S.C. §1132(g) (2) (C) (ii) of the Trust Agreements and Guidelines; and

H.      For such further relief as the Court may deem appropriate.

                                              Respectfully submitted,

DATE: <u>November 6, 2015</u>                    **O'DONOGHUE & O'DONOGHUE LLP**
                                              Constitution Place, Suite 515
                                              325 Chestnut Street
                                              Philadelphia, PA  19106
                                              Telephone (215) 629-4970
                                              Facsimile (215) 629-4996
                                              By:     <u>s/ Robert P. Curley</u>
                                                      Robert P. Curley
                                                      Attorney I.D. No. 55760
                                              By:     <u>s/ David D. Capuano</u>
                                                      David D. Capuano
                                                      Attorney I.D. No. 70238
                                                      Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Complaint has been served by certified mail, as required by 502(h) of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1132(h) this 6th day of November 2015 on the following:

> Secretary of the Treasury
> 15th. and Pennsylvania Ave., N.W.
> Washington, DC  20220
> ATTN: Employee Plans
>         Internal Revenue Service
>
> Secretary of Labor
> 200 Constitution Avenue, N.W.
> Washington, DC  20210
> ATTN: Assistant Solicitor
>         for Plan Benefits Security

> s/ David D. Capuano
> David D. Capuano